**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ALFREDO GALLARDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 CV 7458 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| | ) | |
| CHICAGO TRANSIT | ) | |
| AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Alfredo Gallardo, filed a two-Count First Amended Complaint, alleging employment discrimination based on his race, ancestry, and disability. Defendant, Chicago Transit Authority ("CTA") moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim [17]. For the reasons stated herein, the motion is granted in part and denied in part.

**Background**

Alfredo Gallardo is of Hispanic ancestry and was employed by the CTA as a Rail Maintenance Manager from May 2013 until CTA terminated his employment on October 25, 2013. (First Amend. Compl. Dkt. 15 at ¶¶ 4, 8, 16). He alleges in his First Amended Complaint that at all relevant times he adequately performed his job duties and never received any discipline. (*Id.* at ¶¶ 7, 15). He alleges that when he was hired as Rail Maintenance Manager he never received any specific job training, his manager was unresponsive to his calls, and failed to include him on a distribution list for important training and updates. (*Id.* at ¶ 8). Gallardo alleges that he repeatedly sought help and training from various management level employees and received no assistance. (*Id.* at ¶ 9). Gallardo further asserts that CTA denied him the necessary equipment to perform his job and

denied or delayed his requests for equipment. (*Id.* at ¶ 10). Gallardo alleges that similarly situated non-Hispanic Rail Maintenance Managers were provided training, assisted by management, and provided tools and equipment. (*Id.* at ¶ 12). He claims that he complained repeatedly to management about the lack of training, lack of equipment, and the different treatment he received. (*Id.* at ¶ 13).

Gallardo also alleges disability discrimination in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*[1] In Count II, he claims that CTA was aware of his depression and anxiety disorder. (Dkt. 15 at ¶ 22). Gallardo alleges his condition limited his sleep, concentration, breathing, thinking, eating, marital relations, and caused feelings of hopelessness. (*Id.* at ¶ 23). He alleges CTA became aware of his condition because Gallardo disclosed it to his managers and further disclosed information about his condition when he applied for medical leave. (*Id.* at ¶ 25). CTA also allegedly communicated with Gallardo about his medical status and ability to return to work, while he was on medical leave. (*Id*). CTA terminated Gallardo's employment on October 25, 2013, during his medical leave. (*Id.* at ¶ 26).

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim

---

[1] The ADA Amendments Act of 2008 ("ADAAA" or "the Amendments") was enacted on September 25, 2008, and became effective on January 1, 2009. The Amendments are not retroactive to cases filed before the January 1, 2009 effective date. Although the Court refers to the ADA here it is understood to encompass the Amendments.

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Discussion**

*1. Race and Ancestry Discrimination*

CTA moves to dismiss Count I of the First Amended Complaint for failure to state a claim for race or ancestry discrimination. Gallardo claims that CTA provided him with lesser training and equipment than non-Hispanic employees. Title VII states that "'[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Hall v. City of Chicago*, 713 F.3d 325, 329-30 (7th Cir. 2013) (quoting 42 U.S.C. § 2000e-2(a)(1)). "[I]n order to prevent dismissal under Rule 12(b)(6), a complaint alleging [] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [membership in a protected class]." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

CTA is correct in that Gallardo's First Amended Complaint is virtually devoid of any factual enhancement. However, plaintiffs need not allege sufficient factual support for Title VII claims to establish a *prima facie* case under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), which is an evidentiary standard, not a pleading requirement. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014). Here, Gallardo alleges that he is Hispanic, which the Court will consider has the basis for both race and ancestry, that similarly situated non-Hispanics were treated differently, that he complained repeatedly to management about the lack of training and equipment that he received in comparison to non-Hispanic rail maintenance managers, and that the differing treatment continued. While Gallardo's allegations are not detailed, they are sufficient under

*Tamayo* to put CTA on notice of the claim. Accordingly, this Court denies the motion with respect to Count I.

*2. Disability Discrimination*

The ADA prohibits discrimination against qualified individuals with a disability. 42 U.S.C. § 12131. To establish an ADA violation Gallardo must allege that he is a qualified individual with a disability under the statute, suffered an adverse employment action, and there is a causal connection between the two. *See Dickerson v. Bd. of Trs. of Cmty. Coll. Dist. No. 522*, 657 F.3d 595, 601 (7th Cir. 2011). Gallardo's complaint fails to state a claim in Count II.

First, Gallardo fails to sufficiently allege that he is a qualified individual with a disability. The ADA sets forth three ways in which an individual may assert a statutory disability: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12131(1). With respect to the second and third definition of disability, Gallardo's First Amended Complaint is devoid of any factual support for this Court to infer that there is a record of Gallardo's disability or that CTA regarded him as having a disability. *See* Dkt. 15 at ¶ 26. Accordingly, this Court finds that he fails to adequately aver a disability on either of those bases.[2] Gallardo's complaint alleges that his depression and anxiety disorders limited major life activities with slightly more factual enhancement, asserting limitations in sleep, concentration, breathing, thinking, eating, marital relations, and a feeling of hopelessness. *See* Dkt. 15 at ¶ 23. CTA contends that Gallardo's failure to allege that these limitations were "substantial" is fatal to his claim. This Court finds that these allegations are also too bare to survive dismissal. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556

---

[2] This Court declines CTA's request to convert this motion under Federal Rule of Civil Procedure 12(d) to a motion for summary judgment to find Gallardo cannot establish a disability as a matter of law based on a "record of impairment" or "being regarded as having an impairment."

U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Gallardo's list of limitations simply echoes the list of major life activities found in the statutory definition. *See* 42 USCS § 12102(2)(A).

Even if this Court found Gallardo's complaint to have sufficiently averred a disability, he fails to provide sufficient facts from which this Court may infer the remaining elements of an ADA violation claim. He fails to provide any facts suggesting a causal connection between his termination and his disability. These allegations are nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Accordingly, this Court dismisses without prejudice Count II.

**Conclusion**

Based on the foregoing discussion, this Court grants in part and denies in part CTA's Motion to Dismiss. Plaintiff has 21 days from entry of this Order to file his Second Amended Complaint.

IT IS SO ORDERED.

ENTERED:

Dated: June 7, 2016

SHARON JOHNSON COLEMAN
United States District Judge