# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| ALFREDO GALLARDO, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 CV 7458 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Alfredo Gallardo, filed a two-Count Second Amended Complaint, alleging employment discrimination based on his race, ancestry, and disability. Defendant, Chicago Transit Authority ("CTA") moves to dismiss Count II of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim [34]. For the reasons stated herein, the motion is denied.

**Background**

Alfredo Gallardo is of Hispanic ancestry and was employed by the CTA as a Rail Maintenance Manager from May 2013 until CTA terminated his employment on October 25, 2013. (Second Amend. Compl. Dkt. 29 at ¶¶ 4, 6, 16). In Count II, Gallardo also alleges disability discrimination in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq*. He alleges that he had a history of physician diagnosed depression disorder and anxiety disorder. (*Id.* at ¶ 25). Gallardo alleges his condition substantially limited his sleep, concentration, breathing, thinking, eating, marital relations, and caused feelings of hopelessness. (*Id.* at ¶ 26). He alleges that he is unable to perform or is significantly restricted as to the condition, manner or duration in performing the above major life activities as compared to the average person. (*Id.* at ¶ 27).

1

Gallardo alleges CTA became aware of his depression and his anxiety disorder because he disclosed it to his managers, Bell and O'Connell and to Human Resources personnel. (*Id.* at ¶ 30). Additionally, Gallardo alleges that he disclosed and provided further information and documentation to CTA about his psychological conditions when he applied for disability leave. (*Id.* at ¶ 31). Through the process of applying for, and having his disability leave request approved, Gallardo provided CTA with an opportunity to access to his medical records. (*Id.*).

CTA also allegedly communicated with Gallardo about his medical status and ability to return to work, while he was on medical leave. (*Id*). He alleges that at all relevant times he adequately performed his job duties and never received any discipline. (*Id.* at ¶¶ 7, 15, 24). He further alleges that, during his disability leave neither his managers, Bell and O'Connell, nor Willison in Human Resources ever informed him of disciplinary or performance issues. (*Id.* at ¶ 35).

CTA terminated Gallardo's employment on October 25, 2013, during his medical leave. (*Id.* at ¶ 26). Gallardo further alleges that CTA fired him because of his superiors' displeasure and discomfort with his documented his mental health conditions and his related inability to return to work. (*Id.* at ¶ 37). He asserts that CTA falsely claimed his termination resulted from performance issues as evidence by the violation of CTA's own procedure of progressive discipline. (*Id.* at ¶ 38).

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see*

2

*also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Discussion**

First, CTA argues that this Court should dismiss Gallardo's disability discrimination claim because his Illinois Department of Human Rights ("IDHR") and Equal Employment Opportunity Commission ("EEOC") charge did not contain any claim of disability based on Gallardo having a record of impairment or CTA regarding him as having an impairment. It is CTA's position that Gallardo has not exhausted his administrative remedies as to those claims.

The scope of the judicial proceedings in the employment discrimination context is limited by the nature of the charges filed with the agency. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). "Courts review the scope of an EEOC charge liberally." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 831-832 (7th Cir. 2015) (citing *Farrell v. Butler Univ.*, 421 F.3d 609, 616 (7th Cir. 2005)". "To be cognizable in federal court, a Title VII claim must simply be 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Id.* (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). At minimum, the complaint and the EEOC charge must describe the same conduct and implicate the same individuals. *Huri,* 804 F.3d at 832.

Here, Gallardo's IDHR and EEOC charge includes a claim for disability discrimination. The fact that it states that CTA was aware of Gallardo's disability does not mean that he is precluded from asserting in his complaint that he is a qualified individual with a disability under the ADA based on his record of disability and that CTA regarded him as having a disability. A Title VII plaintiff need not include in his charge every fact that, individually or in combination, forms the basis of a subsequent lawsuit's claims. *Huri,* 804 F.3d at 831. The same conduct (disability

3

discrimination) and the same entity (CTA) are implicated in both the charge and the complaint at issue here. How Gallardo establishes that he is a qualified individual with a disability for ADA purposes does not alter the notice provided to CTA that Gallardo is claiming they discriminated against him based on his disability. Accordingly, this Court finds Gallardo exhausted his administrative remedies.

Next, CTA argues that Gallardo fails to state a claim in Count II for disability discrimination. The ADA prohibits discrimination against qualified individuals with a disability. 42 U.S.C. § 12131. To establish an ADA violation Gallardo must allege that he is a qualified individual with a disability under the statute, suffered an adverse employment action, and there is a causal connection between the two. *See Dickerson v. Bd. of Trs. of Cmty. Coll. Dist. No. 522*, 657 F.3d 595, 601 (7th Cir. 2011).

CTA argues that Gallardo fails to adequately allege that he is a qualified individual with a disability. The ADA sets forth three ways in which an individual may assert a statutory disability: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12131(1).

The Second Amended Complaint adequately alleges that Gallardo is a qualified individual with a disability. The complaint alleges that he informed his managers and personnel in Human Resources that he suffered from medically diagnosed depression and anxiety disorders. Thus, he has a record of such impairment. He further alleges that his depression and anxiety disorders substantially limited major life activities including sleep, concentration, breathing, thinking, eating, marital relations, and these conditions caused a feeling of hopelessness. Gallardo compares his experience of these activities to the average person and asserts that he is substantially limited in these activities in duration, manner, and condition. Unlike the First Amended Complaint, Gallardo's allegations of substantial limitations does more than echo the list of major life activities found in the

statutory definition. *See* 42 USCS § 12102(2)(A). Additionally, Gallardo alleges that CTA regarded him as having a disability by approving his medical leave. This Court finds these allegations plausibly aver that Gallardo is a qualified individual with a disability.

Lastly, CTA argues that the Second Amended Complaint fails to allege a causal connection between his disability and his termination. Gallardo inexplicably fails to address this argument in his response in opposition to the motion to dismiss. CTA argues that by failing to respond to this argument Gallardo has conceded the issue and Count II must be dismissed. Ordinarily, failure to respond to an argument results in waiver. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). "When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006). "If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1042 (7th Cir. 1999). Here, despite failing to address this argument, a review of the Second Amended Complaint shows that Gallardo pled causation.

In order to establish causation at the pleading stage, Gallardo must plead sufficient facts supporting an inference that CTA discriminated against him "on the basis of disability." *See* 42 U.S.C. § 12112(a); *Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016). In addition to allegations regarding the timing of his dismissal, Gallardo further alleges that CTA violated its own procedure of progressive discipline by terminating his employment while on disability leave with no prior notice of any issues with performance or conduct. The Second Amended Complaint suggests that performance issues are mere pretext for Gallardo's termination and that he was actually terminated because he was unable to return to work on the CTA's timeline. This Court is not required to dismiss the complaint based on waiver, especially in light of this Court's finding that

5

CTA has not presented a *plausible* reason for dismissing the complaint based on causation, which is adequately pled. However, this Court admonishes plaintiff of the danger posed by failing to respond to arguments.

**Conclusion**

Based on the foregoing discussion, this Court denies CTA's Motion to Dismiss Count II of the Second Amended Complaint.

IT IS SO ORDERED.

ENTERED:

Dated: December 5, 2016

SHARON JOHNSON COLEMAN
United States District Judge